THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMIE FISHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-2834 |
| | § | |
| LAWN RANGER SERVICES, LLC, | § | |
| LAWN RANGER CO., INC, and | § | |
| WALTER P. CROWDER aka WALT | § | |
| CROWDER, INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY OF SUIT

1.    Plaintiff Tommie Fisher ("Fisher") was formerly employed by Defendants Lawn Ranger Services, LLC, Lawn Ranger Co., Inc., and Walter P. Crowder aka Walt Crowder, Individually, (collectively, the "Defendants") as a crew chief.

2.    Fisher, a nonexempt employee, was paid the same hourly rate regardless of the number hours he worked each workweek. Fisher was not paid one and one-half (1½) times his regular hourly rate for hours worked in excess of forty (40) hours each workweek.

3.    Accordingly, Fisher seeks to recover unpaid overtime wages, liquidated damages, and attorneys' fees owed to him under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (2016) ("FLSA").

### JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2016) and 28 U.S.C. § 1331 (2016).

5.    Fisher brings this action in the district in which he and the Defendants reside and/or where a substantial portion of the conduct charged herein occurred.  Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2016).

THE PARTIES

6.    Fisher is an individual residing in Montgomery County, Texas.  Fisher was employed by the Defendants within the meaning of the FLSA during the three-year period preceding the filing of this complaint. In performing his duties for the Defendants, Fisher engaged in commerce or in the production of goods for commerce.

7.    Defendant Lawn Ranger Services, LLC, is a Texas limited liability company with its principal place of business in Montgomery County, Texas.  Defendant Lawn Ranger Services, LLC, is an enterprise engaged in commerce within the meaning of the FLSA and has acted, directly or indirectly, in the interest of an employer with respect to Fisher. Defendant Lawn Ranger Services, LLC, may be served with process by serving its registered agent and member, Walt Crowder, at 11117 Cox Road, Conroe, Texas 77385, P.O. Box 9809, The Woodlands, Texas 77387, or 10810 Lake Wind Crest, Magnolia, Texas 77354.

8.    Defendant Lawn Ranger Co., Inc., is a Texas corporation with its principal place of business in Montgomery County, Texas. Defendant Lawn Ranger Co., Inc., is an enterprise engaged in commerce within the meaning of the FLSA and has acted, directly or indirectly, in the interest of an employer with respect to Fisher.

-2-

Defendant Lawn Ranger Co., Inc., may be served with process by serving its registered agent and president, Walter P. Crowder, at 11117 Cox Road, Conroe, Texas 77385, P.O. Box 9809, The Woodlands, Texas 77387, or 10810 Lake Wind Crest, Magnolia, Texas 77354.

9.    Defendant Walter P. Crowder aka Walt Crowder ("Crowder"), an officer, director and/or member of Defendants Lawn Ranger Services, LLC, and Lawn Ranger Co., Inc., has acted, directly or indirectly, in the interest of an employer with respect to Fisher. Crowder may be serve with process at at 11117 Cox Road, Conroe, Texas 77385, P.O. Box 9809, The Woodlands, Texas 77387, or 10810 Lake Wind Crest, Magnolia, Texas 77354.

<u>BACKGROUND</u>

10.    Defendants Lawn Ranger Services, LLC, and Lawn Services Co., Inc. (collectively, the "Company") function as a single enterprise as defined in the FLSA. Specifically, they (i) engage in related activities; (ii) are a unified operation or are under common control; and (iii) share a common business purpose.

11.    The Company provides full service residential and commercial fertilization, landscape and lawn maintenance in The Woodlands and surrounding area. The Company is locally owned and operated by Crowder.

12.    Fisher, who worked for the Company as a crew chief approximately ten (10) hours per day, five (5) days per week, was paid the same hourly rate for all hours worked.

13.    Unfortunately, Fisher, a non-exempt employee, was not

paid one and one-half (1½) his regular hourly rate for hours worked over forty (40) hours per week.

14.  Crowder has a substantial financial interest in the Company and is directly involved in:

a.   the hiring and firing of the Company's employees;

b.   the day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by the Company's employees;

c.   the Company's finances; and

d.   the Company's business decisions.

CAUSES OF ACTION

Failure to Pay Overtime Compensation

15.  The Defendants' failure to pay Fisher for hours worked over forty (40) hours per workweek at one and one-half (1½) times his regular rate of pay was and is in violation of the FLSA.

16.  No exemption excuses the Defendants from paying Fisher overtime compensation for his overtime hours worked.  Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding overtime compensation with respect to Fisher.

17.  Accordingly, Fisher is entitled to unpaid overtime pay in an amount which is one and one-half (1½) times his regular rate of pay.

18.  Additionally, Fisher is entitled to an amount equal to all of his unpaid overtime wages as liquidated damages.

19.  Finally, Fisher is entitled to reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b) (2016).

PRAYER

WHEREFORE, Fisher requests that this Court award him judgment against Defendants Lawn Ranger Services, LLC, Lawn Ranger Co., Inc., and Walter P. Crowder aka Walt Crowder, jointly and severally, for the following:

a.  damages for the full amount of his unpaid overtime compensation;

b.  an amount equal to his unpaid overtime compensation as liquidated damages;

c.  reasonable attorneys' fees, costs and expenses of this action;

d.  pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

f.  such other and further relief as may be allowed by law.

Respectfully submitted,

/S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Avenue, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com